IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER LEE
CHRISTIAN                                                                                                PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:18cv333-DPJ-FKB

DAVID HAMPTON and STACY
JEROME PRESSWOOD                                                                           DEFENDANTS

## REPORT AND RECOMMENDATION

### I.  Introduction

Christopher Lee Christian is a convicted prisoner incarcerated at the Wilkinson County Correctional Facility, located at Woodville, Mississippi. On August 15, 2018, as part of a plea bargain on multiple charges, he pleaded guilty to second degree murder and was sentenced to forty years in the custody of the Mississippi Department of Corrections. [45-2] at 13-25. His claims, brought pursuant to 42 U.S.C. § 1983, arise out of his pretrial detention at the Lauderdale County Detention Facility ("LCDF"). Presently before the Court are the Motions for Summary Judgment filed by Defendants, who were officers at LCDF during that time period.[1] [45]; [54]. Plaintiff has filed Responses to the Motions, [52], [57], and Defendants have filed Rebuttals. [56]; [59].

Christian has asserted claims of excessive force against Defendants David Hampton and Stacy Jerome Presswood based on a May 9, 2018, incident. [1]. In his testimony at the *Spears* hearing, Christian admitted that he and Hampton had a verbal altercation on the morning of May 9 when Plaintiff intentionally flooded his cell. [33] at 15. During the evening medication call, officers brought Christian from his cell to the entrance of the "day room" so that a nurse could

---

[1] Defendant Hampton is no longer employed at LCDF.[15].

dispense his evening medications. [54-2] at 1. Defendant Presswood stood at the entrance of the day room, and Defendant Hampton was present so that he could serve Christian with a disciplinary notice for flooding his cell earlier in the day. *Id.* At the hearing, Christian testified that when he arrived at the day room door, he struck Defendant Hampton in the face with his fist without any physical or verbal provocation from Hampton. [33] at 15. Christian alleged that, immediately after he punched Defendant Hampton, he walked away posing "no threat" to the officers, but Defendant Presswood shot him with a taser gun and Defendant Hampton "repeatedly punched" him in his head and side in an effort to restrain him. [1] at 4-5. As a result of this incident, Christian was indicted for simple assault on a law enforcement officer, in violation of Mississippi Code Annotated § 97-3-7. [45-1] at 4.[2] Christian also pressed a criminal charge of simple assault against Hampton, which he later dismissed as part of his plea bargain to second degree murder. [23-2].

In the motions, Defendants argue that Plaintiff failed to exhaust his administrative remedies before initiating this action, that Plaintiff's claims against Defendant Hampton are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), that Christian's claim of excessive force against both Defendants fails to rise to the level of a constitutional violation, that his injuries were *de minimus*, and that both Defendants are entitled to qualified immunity.

## II.  Exhaustion

The Court begins with Defendants' exhaustion argument. The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a

---

[2] As part of Christian's guilty plea on the charge of second degree murder in Cause No. 476-16, the Circuit Court of Lauderdale County entered an Order of Nolle Prosequi on this assault of an officer charge. [45-1] at 10; [45-2] at 13-25. The Order of Nolle Prosequi also addressed a separate assault of an officer charge stemming from Christian's attack on another LCDF officer on April 22, 2018, about two weeks prior to the May 9 incident. *Id.*; [33] at 19.

2

civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012). Factual disputes related to exhaustion may be resolved by a judge without resort to a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Moreover, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, Civil Action No. 4:10cv111-LRA, 2013 WL 4833901 (S.D. Miss. Sept. 11, 2013)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001); *see also Tompkins v. Holman*, Civil Action No. 3:12cv87-LRA, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013)(dismissing § 1983 complaint for failure to exhaust administrative remedies when prisoner filed a grievance, but did not complete the ARP before filing his lawsuit).

For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a "mailbox rule" applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995)(extending "mailbox rule" to § 1983 cases); s*ee also Houston v. Lack*, 487 U.S. 266 (1988)(establishing rule that prisoner's document is deemed "filed" at the moment of delivery to prison authorities for forwarding to the court). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997).

3

In this case, the timeline of events demonstrates that Christian initiated this action before exhausting his administrative remedies. The Court infers that Christian delivered his § 1983 complaint to jail officials for mailing on May 10, 2018, the date he signed the complaint. *See* [1] at 4; [2] at 2. Christian also signed his Inmate Grievance Report with LCDF about the incident on May 10, 2018. *See* [50-3] at 20-21. Although Plaintiff testified at the omnibus hearing that he submitted his grievance on May 10, 2018, and it was resolved on the same day, the undisputed documents show otherwise. [33] at 10. LCDF received Christian's May 10, 2018, Inmate Grievance Report on May 11, 2018, and completed the grievance process that same day, May 11. [50-3] at 20. Plaintiff does not dispute this timeline in his Response. [52] at 3. Indeed, his May 10 grievance indicates that he had already decided to proceed with the § 1983 case, despite the outcome of the grievance process. [50-3] at 20 ("I am proceeding with the lawsuit . . . .").

Failure to exhaust is an affirmative defense, and thus Defendants have the burden of establishing beyond peradventure the essential elements of that defense. *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015). The undisputed documents demonstrate that Defendants have met that burden and show that Plaintiff initiated this action on May 10, 2018, when he signed the complaint, and he exhausted his administrative remedies on May 11, 2018. Accordingly, the undersigned concludes that Plaintiff failed to exhaust his administrative remedies before filing this action, and Defendants are entitled to summary judgment.

Because the undersigned recommends that summary judgment be granted on this basis, it declines to reach the other bases for dismissal urged by Defendants.

### III.  Conclusion

For the reasons discussed in this Report and Recommendation, the undersigned recommends that Defendants' motions for summary judgment at [45] and [54] be granted, and this matter be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 27th day of January, 2020.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE